NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 11, 2008[*]
Decided September 2, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3058

VALENTINA MITREVA, et al.,
    *Petitioners*,

    *v.*

MICHAEL B. MUKASEY,
    *Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals

Nos. A79-562-008
        A79-562-009
        A79-562-010
        A79-562-011

**ORDER**

Valentina Mitreva, a Bulgarian citizen, came to the United States in 2000.  She

applied for asylum, with her husband and two children as derivative applicants, claiming

that she suffered persecution at the hands of Bulgarian police because of her Romani

---

[*] This successive appeal has been submitted to the original panel under Operating
Procedure 6(b).  After examining the briefs and the record, we have concluded that oral
argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  *See*
FED. R. APP. P. 34(a)(2).

ethnicity.  The IJ denied her application and the BIA affirmed, finding that Mitreva had not proven that the police singled her out because of her ethnicity rather than because she was a suspect in a burglary, as the police charged.  We upheld that ruling because the record did not compel a contrary conclusion.  *Mitreva v. Gonzales*, 417 F.3d 761, 763-64 (7th Cir. 2005).

The BIA also sua sponte raised and rejected the possibility that there existed in Bulgaria a "pattern and practice" of persecution toward Roma, *see* 8 C.F.R. § 208.13(b)(2)(iii).  It explained that the record evidence showed that the Bulgarian government had instituted reforms meant to improve educational and employment opportunities for Roma and had taken steps to investigate and prosecute acts of violence against them by private actors.  We upheld that ruling as well, *Mitreva*, 417 F.3d at 765-66, because a pattern or practice of persecution exists only when a "'systematic, pervasive, or organized' effort to kill, imprison, or severely injure members of the protected group" is "perpetrated or tolerated by state actors," *id.* at 765 (quoting *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005)).  Although Roma unquestionably faced (and continue to face) incidents of discrimination and harassment in Bulgaria—attacks by private citizens, job discrimination, arbitrary arrest, and forced evictions—the conditions did not rise to the level of a pattern or practice of persecution.  *Id.* at 765-66.

More than three years after losing her original appeal, Mitreva filed a motion to reopen her case, to which she attached several documents.  These documents purportedly showed materially changed conditions in Bulgaria and rebutted the BIA's finding that the

Bulgarian government had made efforts to ameliorate discrimination against Romani citizens. Two of the documents Mitreva submitted were public documents released before her original administrative proceedings ended. The other six primarily concerned housing discrimination and forced eviction of Romani families from certain neighborhoods. The BIA denied Mitreva's motion to reopen as untimely because it was filed well outside the 90-day deadline for such motions. *See* 8 C.F.R. § 1003.2(c)(2). It also ruled that Mitreva's evidence was cumulative of evidence in the original administrative record and did not show the sort of changed country conditions that would excuse the belated filing of the motion. *See id.* § 1003(c)(3)(ii).

Mitreva devotes much of her brief on appeal to challenging our decision in her original appeal. We considered and rejected many of her arguments when we denied her petition for panel rehearing and *en banc* rehearing several years ago, *Mitreva v. Gonzales*, No. 04-1707 (7th Cir. Dec. 23, 2005), and we will not revisit the merits of her original asylum claim in this appeal.

Mitreva's only other developed argument is that the BIA violated her right to due process by refusing to analyze some of the documentary evidence she submitted with her motion to reopen. But a decision whether to reopen is discretionary, and we have no jurisdiction to review such denials unless a genuine question of law is presented. *See Huang v. Mukasey*, Nos. 07-2961, 07-3322, 07-3673, 07-3840, 2008 WL 2738067, *1 (7th Cir. July 15, 2008); *Kucana v. Mukasey*, No. 07-1002, 2008 WL 2639039, *3 (7th Cir. July 7, 2008).

Discretionary denials of relief cannot be recast as constitutional violations if, as in this case, the record does not support even a colorable claim of such a violation. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 696 (7th Cir. 2008). Mitreva likens her case to *Kaczmarczyk v. I.N.S.*, 933 F.2d 588 (7th Cir. 1991), in which we held that "the due process clause of the fifth amendment requires that petitioners be allowed an opportunity to rebut officially noticed facts," particularly when those facts are crucial to the outcome of the administrative proceeding. *Id.* at 596. Though Mitreva contends that the BIA took administrative notice of improving country conditions in Bulgaria in her first appeal, she is incorrect. On the contrary, the Board relied for those findings on a document Mitreva herself introduced into the record: the Department of State's Bulgaria: Country Reports on Human Rights Practices — 2001 (Mar. 2, 2002). *Kaczmarczyk* does not apply, and under *Kucana* we have no jurisdiction to review the Board's discretionary denial of relief.

The petition for review is DISMISSED.